## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

PLUMBERS & PIPEFITTERS LOCAL UNION 521;
PLUMBERS & PIPEFITTERS LOCAL 521
HEALTH AND WELFARE FUND;
PLUMBERS & PIPEFITTERS LOCAL 521
PENSION FUND;
PLUMBERS & PIPEFITTERS LOCAL 521
SUPPLEMENTAL HEALTH FUND;
PLUMBERS & PIPEFITTERS LOCAL 521
ANNUITY FUND; and
PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND,

                    Plaintiffs,

v.                                              CIVIL ACTION NO.   3:21-0312

MATHENY AND SONS GENERAL CONTRACTING, LLC, and
STEVE MATHENY, individually and as the Agent and
Manager of Matheny and Sons General Contracting, LLC,

                    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion for Entry of Default Judgment. ECF No. 14. For the following

reasons, the Court **GRANTS** the motion and enters judgment in favor of the Plaintiffs against the

Defendants in the amount of $66,581.31.

### I. BACKGROUND

Plaintiffs in this case are multiple employee health and welfare benefit funds managed by

fund trustees and one union, Plumbers and Pipefitters Local 521 ("Local 521") – whose members

are participants in and beneficiaries of the fund. *See* Compl. ¶¶ 2-13, ECF No. 1. Defendant

Matheny and Sons General Contracting, LLC, ("Matheny and Sons") is a construction company

based in Huntington, West Virginia and is a party to the collective bargaining agreement ("CBA")

with Local 521. *Id*. ¶ 14. Defendant Steve Matheny is the Agent and Manager of Matheny and Sons and a fiduciary under ERISA. *Id*. ¶ 15. Pursuant to the CBA, Matheny and Sons was required to make monthly contributions to Plaintiffs and pay all fringe benefits for all employees covered by the CBA. *Id*. ¶ 17. The CBA also requires employers to make payments and file monthly Remittance Reports on or before the tenth day of each month; the Reports allow employers to calculate the payments owed to Plaintiffs. *Id*. ¶ 18. Plaintiffs allege that Defendants made late contributions and failed to make contributions between May 2020 and September 2020. *Id*. ¶ 19. The amount of fringe benefits, liquidated damages, and interest alleged to be owed by Defendants is $60,100.46. Dascoli Aff. ¶¶ 7-8, ECF No. 14-1.   Plaintiffs further claim $6,480.85 in attorney's fees and costs. *Id*. at ¶ 9.

On May 20, 2021, Plaintiffs filed their Complaint for Monies Due (ECF No. 1) pursuant to provisions of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185) and Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145). Summonses were issued for both Defendants on May 20, 2021. ECF No. 3. On June 1, 2021, summonses were accepted by the West Virginia Secretary of State as to Matheny and Sons. ECF No. 4. On August 27, 2021, this Court ordered Plaintiffs to file documentation establishing that Matheny and Sons had been adequately served and to show good cause for not serving Steve Matheny with process within ninety days of filing. ECF Nos. 5, 6. After Plaintiffs' response, the Court found that service had been properly obtained as to both Defendants. ECF No. 8. Summonses were returned executed to both Defendants. ECF Nos. 9, 10. On September 23, 2021, the Court entered an Order directing the Clerk to enter a default, which was done on the same day. ECF Nos. 11, 12. On September 25, 2021, the Clerk filed a return receipt card on the Docket indicating that Defendants had received the Clerk's Entry of Default. ECF No. 13. On October 13, 2021, Plaintiffs moved for an entry of

default judgment. ECF No. 14. Plaintiffs filed one affidavit and seven exhibits in support of its Motion setting out the amount due. ECF Nos. 14-1, 14-2, 14-3, 14-4, 14-5, 14-6, 14-7, 14-8. The motion and affidavit indicate the amount of relief requested. Defendants have not filed an answer to Plaintiffs' Complaint or otherwise defended this action.

## II. LEGAL STANDARD

District courts may enter default judgment against a properly served defendant under Federal Rule of Civil Procedure 55. Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After default is entered by the clerk, a party may move the court for default judgment under Rule 55(b). Applying to the court for default judgment is necessary where the plaintiff's claim is not for a sum certain or made certain by computation. Fed. R. Civ. P. 55(b).

Upon default, all of the well-pleaded facts alleged in the complaint regarding liability are accepted as true. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

"Once liability has been established, the court must make an independent determination concerning the damages to be awarded." *Finney v. MIG Capital Mgmt., Inc.*, No. 2:13-02778, 2014 WL 1276159, at *10 (S.D.W. Va. Mar. 27, 2014) (citations omitted); *see also* Fed. R. Civ. P. 55(c) (permitting court to hold a hearing before entering default judgment on "truth of any allegation," "amount of damages," and "any other matter"). "The court may also rely on affidavits

and other documentary evidence to determine the appropriate damages amount." *Finney*, 2014 WL 1276159, at *10 (internal citation omitted). The decision to enter a default judgment rests within the sound discretion of the district court and will be reviewed only for abuse of discretion. *See Federal Ins. Co. v. Wallace*, No. 2:13-CV-690, 2015 WL 1011458, at *2 (E.D. Va. Mar. 4, 2015) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987)).

## III. ANALYSIS

A. Liability

Plaintiffs contend Defendants violated 29 U.S.C. § 1145 by failing to make contributions to a multiemployer pension plan in accordance with the CBA and plan documents. Specifically, 29 U.S.C. § 1145 states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement ... shall make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. § 1145.

Section 301(a) of the Labor Management Relations Act ("LMRA") provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). "Employee benefit trust funds and fund trustees have standing to sue under section 185(a) as third-party beneficiaries of a collective bargaining agreement." *Int'l Painters & Allied Trade Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 680, 686 (D. Md. 2013).

Pursuant to the CBA under Article VI: Wages, "the employer agrees to deduct from the employee" certain specified amounts, and "agrees to contribute to the following funds" at specified rates. CBA, Ex. 14-2, at 11. Further, Steve Matheny signed a "Revised Standard Form of

-4-

Participation Agreement" as the authorized officer of employer, making the company a party to the CBA and agreeing to pay contributions specified in it. CBA and Signature Page, Exs. 14-2, 14-3. Matheny and Sons' failure to make the required contributions, contrary to the provisions of the CBA, constitutes a violation of ERISA and the LMRA.

Similarly, because the Court must take as true the factual allegations in Plaintiffs' Complaint, Defendant Steve Matheny is jointly and severally liable for the amount owed. The Complaint alleges that Steve Matheny is the agent and manager of Matheny and Sons, and an employer under 29 U.S.C. § 1002(5); 29 U.S.C. § 152(2), and a fiduciary under ERISA, making him jointly and severally liable. Compl. ¶ 15. ERISA provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach…." 29 U.S.C. § 1109. Because Steve Matheny is alleged to be a fiduciary, he is personally liable for the failure to pay Plaintiffs.

Based on the factual allegations set forth in Plaintiffs' Complaint, which are taken as true in light of Defendants failure to defend, the Court **FINDS** that Plaintiffs' Complaint sufficiently states a claim entitling Plaintiffs to relief under the LMRA and ERISA.

B. Damages

In an ERISA action for unpaid contributions in which the court awards judgment for the plan, the court *shall* award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Plaintiffs have requested precisely these remedies and have provided factual support for each category of damages, thereby rendering the sums calculable. Plaintiffs have provided proof in the form of itemization reports and the underlying remittance reports, which indicate that the Defendants have failed to pay fringe contributions to the Plumbers and Pipefitters National Pension Fund for all work months from May to September 2020 for a total of $25,751.02. Defendants have also failed to pay fringe benefit contributions to all other Plaintiff funds for the month of September 2020, resulting in a total of $24,168.61. The court therefore **ORDERS** and **ADJUDGES** that the Defendants are liable to the Plaintiffs for a total amount of $49,919.63 for the total fringe benefit contributions owed.

Plaintiffs also request interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B). The agreement provides for interest in the amount of twelve percent per annum. With respect to the contributions owed to the National Pension Fund, just under fifteen months have passed since the date contributions were due, resulting in a total interest amount (calculated at a daily rate) of $3,631.89. With respect to the other Plaintiff funds, Defendants were twelve months delinquent at the time of filing and entitled to $2,167.55 in interest. Therefore, the Court **ORDERS** and **ADJUDGES** that Defendants are liable to Plaintiffs the amount of $5,799.44 for interest on the unpaid contributions.

Plaintiffs also request liquidated damages on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C). The agreement provides for liquidated damages of ten percent of the unpaid contributions. This results in liquidated damages of $2,575.10 for the National Pension Fund, and liquidated damages of $1,806.29 for the other Plaintiff Funds. Therefore, the Court

**ORDERS** and **ADJUDGES** that Defendants are liable to the Plaintiffs the amount of $4,381.39 in liquidated damages for the unpaid contributions.

The same statute also directs that the court "shall award the plan ... reasonable attorney's fees and costs of the action, to be paid by the defendant." Plaintiffs have submitted an affidavit indicating that they have incurred $6,480.85 in attorney's fees and costs. The Court **FINDS** that this amount for attorney's fees is reasonable and **ORDERS** and **ADJUDGES** that Defendants are liable to Plaintiffs the amount of $6,480.85 in attorney's fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Entry of Default Judgment against Defendants. The Court **ORDERS** that Defendants Matheny and Sons and Steve Matheny are jointly and severally liable for $49,919.63 for unpaid fringe benefit contributions; $5,799.44 in interest owed for the affected months; $4,381.39 in liquidated damages; and $6,480.85 for attorney's fees and costs, for a total of $66,581.31. The Court **DIRECTS** the Clerk to enter default judgment against Defendants.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented parties.

ENTER:        November 9, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE